UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JULIAN DEVELL GRADY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-662-JTM-AZ |
| MAYES and HENSLEY, | |
| Defendants. | |

OPINION and ORDER

Julian Devell Grady, a prisoner without a lawyer, filed a complaint. (DE # 2.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Grady alleges that around 11:00 pm on July 10, 2022, he was watching television in his cell at Miami Correctional Facility. An officer had left his food slot open, so he could hear his neighbor through the slot talking to a nurse. He decided to close the food slot in order to block out the noise. He began to use a small string to pull up the metal flap when Sergeant Mayes, the officer escorting the nurse, rushed over to Grady's cell door and tried to slam the food slot closed. Grady asked her to wait because his fingers

and the string were caught in the door. In response, he alleges she cursed and slammed the food slot harder. Grady says the entire tip of his left pinky finger was nearly sheared off.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Grady plausibly alleges that Sergeant Mayes used excessive force when she continued to close the food slot after knowing that Grady's finger was caught in it. He may proceed against her on an Eight Amendment claim for the use of excessive force.

Grady reports that after the injury, most of his fingertip was still sitting on the ledge of the cuffport along with a large amount of blood. Grady immediately requested to speak to a supervisor, but Mayes replied, "I'm a Sergeant." (DE # 2 at 3.) He asked to speak to another sergeant, and she refused. Grady says he then waved frantically to Officer Liechty, who was in the bubble, and asked him to call the lieutenant immediately. Officer Liechty later told him that Lieutenant Hensley was on shift when the incident occurred, but she refused to "signal-eight" the area. *Id.* at 4.

2

After the injury, Grady says he was not taken to medical for proper medical care until the next day, July 11, 2022. Grady complains that in the days and weeks following the incident, he was provided with poor, inconsistent care by Wexford staff; some days he was denied wound care, bandage changes, and cleaning. Grady says his injured finger is still numb, two years later.

Inmates are also entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To assert an Eighth Amendment violation, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference."). Negligence does not establish an Eighth Amendment violation. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

3

Based on the severity of the injury alleged, it is a reasonable inference that Grady needed immediate medical attention for his finger. He may, therefore, proceed against Sergeant Mayes and Lieutenant Hensley, who were both alleged to have been aware of his injury but did not take any action to provide him medical care. He may not proceed against Sergeant Snow and Officer Dewyer, whom Grady alleged were made aware of the poor follow-up care that he received but did nothing to help. When a prisoner is under the care of medical professionals, nonmedical prison officials may generally defer to their judgment that the care being provided is appropriate. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 343 (7th Cir. 2018). An exception applies when the care provided is obviously deficient, but Grady alleges no facts to suggest the post-injury care fell to that level.

Nor can he proceed against Wexford for the medical care he received following the injury. Wexford, the private company that provides medical care at the prison, can be held liable only if the corporation had an unconstitutional policy or custom that was the "moving force" behind a constitutional violation. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235-36 (7th Cir. 2021); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Grady describes allegedly deficient actions by individual medical care providers (who are not named as defendants) without a plausible connection to a corporate policy that can be attributed to Wexford.

Grady does not state a claim against the remaining defendants. He alleges Sergeant Mayes verbally harassed him in the days following the incident, and he sues Lieutenant Bales and Warden Ron Brown for allowing her to remain assigned to his

unit after being made aware of the situation. A claim under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). This means that supervisors cannot be held liable just because their subordinates may have violated the constitution; to be held liable a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019).

But, here, it does not matter what Lieutenant Bales and Warden Brown knew about Sergeant Mayes' conduct because the alleged verbal harassment described in the complaint does not rise to the level of a constitutional violation. The Eighth Amendment prohibits the unnecessary and wanton infliction of physical or psychological pain. *Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015); *see Chatman v. Ill. Dep't of Corr.*, 685 F. App'x 487, 489 (7th Cir. 2017). But the Constitution is not a civility code that requires prison staff to use "genteel language and good manners." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019). Thus, "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal*, 803 F.3d at 358. The harassment must reach such a level that it "inflicted significant psychological harm" on the plaintiff. *Id.* at 357. There are no allegations that the verbal harassment reached this level.

Finally, Grady sues the Indiana Department of Correction. The department is an arm of the state, *see* Ind. Code § 11-8-2-1, and therefore it is not a "person" who can be

5

sued under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *Williams v. Wisconsin*, 336 F.3d 576, 580-81 (7th Cir. 2003).

For these reasons, the court:

(1) GRANTS Julian Devell Grady leave to proceed against Sergeant Mayes in her individual capacity for compensatory and punitive damages for using excessive force when she continued to close the food slot after knowing that Grady's finger was caught in it on or around July 10, 2022, severely injuring his finger in violation of the Eighth Amendment;

(2) GRANTS Julian Devell Grady leave to proceed against Sergeant Mayes and Lieutenant Hensley, in their individual capacities for compensatory and punitive damages for deliberate indifference to his severe medical needs when they failed to obtain medical help for Grady's injured finger on or around July 10, 2022, in violation of the Eighth Amendment

(3) DISMISSES all other claims;

(4) DISMISSES Bales, Ron Brown, Snow, Dewyer, Indiana Department of Corrections, and Wexford;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Mayes and Lieutenant Hensley at the Indiana Department of Correction, with a copy of this order and the complaint (DE # 2);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sergeant Mayes and Lieutenant Hensley to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: January 15, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT