UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JULIAN DEVELL GRADY,

    Plaintiff,

    v.      CAUSE NO. 3:24-CV-662-JTM-AZ

MAYES and HENSLEY,

    Defendants.

## OPINION and ORDER

Julian Devell Grady, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding against Sgt. Katrina Mayes "for using excessive force when she continued to close the food slot after knowing that Grady's finger was caught in it on or around July 10, 2022, severely injuring his finger in violation of the Eighth Amendment[.]" (DE # 16 at 6.) Second, he is proceeding against Sergeant Mayes and Lieutenant Megan Hensley "for deliberate indifference to his severe medical needs when they failed to obtain medical help for Grady's injured finger on or around July 10, 2022, in violation of the Eighth Amendment[.]" (*Id.*) The defendants filed a motion for summary judgment, arguing Grady did not exhaust his administrative remedies before filing this lawsuit. (DE # 35.) Grady filed a response, and the defendants filed a reply. (DE ## 42, 43.) Grady then filed a piece of supplemental evidence, which the

defendants have moved to strike. (DE ## 45, 46.[1]) Grady also filed an unauthorized surreply, which the defendants have likewise moved to strike. (DE ## 47, 48.[2]) The defendants' motion for summary judgment is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have

---

[1] In his summary judgment response, Grady argues he filed a relevant grievance which was ignored by the grievance office. (DE # 42.) In their reply, the defendants argue Grady "has never produced this alleged grievance." (DE # 43 at 3.) In his supplement, Grady produces a copy of this grievance. (DE # 45-1.) The defendants move to strike this evidence because it "does not raise or respond to a new issue." (DE # 46 at 2.) Because Grady's supplemental evidence responds directly to an argument the defendants raised in their reply, and it is helpful to the court in evaluating this case, the defendants' motion to strike this supplemental evidence (DE # 46) will be denied.

[2] The court has reviewed the contents of Grady's unauthorized surreply, and concludes it has no impact on the disposition of this case. Therefore, the defendants' motion to strike Grady's unauthorized surreply (DE # 48) will be denied as moot.

been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The defendants provide an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF"), Grady's grievance records, and a copy of the Offender Grievance Process, which show the following facts: The Offender Grievance Process requires an inmate to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. (DE # 35-2 at 3.) Once an inmate submits a formal

3

grievance, the Grievance Specialist "must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." (*Id.* at 9.) "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." (*Id.*) The Grievance Specialist attests the grievance office never received any grievance from Grady related to his claims that the defendants used excessive force and denied him medical treatment on July 10, 2022. (DE # 35-1 at 5-6.)

In his summary judgment response, Grady argues his administrative remedies were unavailable because he submitted a relevant grievance and followed up by submitting a written notification to the Grievance Specialist, but he never received any response from the grievance office to his grievance or his subsequent written notification. (DE # 42.) Specifically, Grady provides evidence he submitted a grievance on July 11, 2022, complaining Sgt. Mayes used excessive force against him on July 10 by slamming his fingers in his cuff port and he did not receive medical treatment because no correctional officers would help him. (DE # 42 at 2; DE # 45-1 at 1.) On August 14, 2022, Grady submitted a "Request for Interview" form to the Grievance Specialist stating he had not received any receipt or response to this grievance. (DE # 42 at 2; DE #

4

42-1 at 1.) Grady never received any receipt or response to his August 14 Request for Interview form. *Id.*[3][4]

Here, Grady has provided evidence he submitted a relevant grievance for which he never received any receipt or response from the grievance office, and followed up by submitting a written notification to the Grievance Specialist. If this is true, Grady complied with the requirements of the Offender Grievance Process, and the Grievance Specialist made Grady's administrative remedies unavailable by failing to respond to his grievance and his written notice, leaving him without any further available remedy to exhaust. (*See* DE # 35-2 at 9.)

In their reply, the defendants argue that Grady did not actually submit his July 11 grievance or his August 14 Request for Interview form to the grievance office, as the "Action" and "By" fields on the Request for Interview form are left blank and there is no indication these documents were received by the warden, Grievance Specialist, or any other IDOC staff. (DE # 43 at 3-4.) To be clear, the question is not whether these documents were *received* by the grievance office, but whether Grady *submitted* these documents. But the defendants' evidence that these documents were not received by

---

[3] Grady also provides evidence that, after he received no response to his August 14 Request for Interview form, he submitted a second grievance similar to his July 11 grievance which was likewise ignored by the grievance office. (DE # 42 at 2; DE # 42-1 at 2.) This fact is not material as Grady was not required under the Offender Grievance Process to submit a second grievance.

[4] The defendants argue Grady still had an available administrative remedy to exhaust because after he submitted his written notification he should have followed up by submitting a Level II appeal to the warden. (DE # 43 at 3.) But the Offender Grievance Process provides only that "If the offender receives no grievance response within twenty (20) business days *of the Offender Grievance Specialist's receipt of the grievance*, the offender may appeal as though the grievance had been denied." (DE # 35-2 at 12.) Here, because the Grievance Specialist attests he never received Grady's July 11 grievance, the Offender Grievance Process did not provide Grady with any available remedy to appeal his July 11 grievance.

5

the grievance office creates a genuine dispute regarding whether Grady in fact submitted his July 11 grievance and August 14 Request for Interview form to the grievance office. If Grady *did* submit these two documents to the grievance office, the defendants' summary judgment motion will be denied because the Grievance Specialist made Grady's administrative remedies unavailable by failing to respond to these documents; if Grady *did not* submit these two documents to the grievance office, the defendants' summary judgment motion will be granted because Grady had available remedies he did not exhaust before filing this lawsuit. Resolving this dispute will require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).[5] However, the court will not schedule such a hearing unless the defendants file a motion requesting it.

For these reasons, the defendants' motion for summary judgment (DE # 35) and motions to strike (DE ## 46, 48) are **DENIED**. The defendants are **CAUTIONED** that if a *Pavey* hearing is not requested by **February 6, 2026**, the affirmative defense of exhaustion of administrative remedies will be waived.

**SO ORDERED.**

Date: January 20, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[5] *Pavey* was recently abrogated in part by *Perttu v. Richards*, 650 U.S. 460 (2025), which held that parties are entitled to a jury trial on a PLRA exhaustion issue when the issue is intertwined with the merits of the plaintiff's claims. *Perttu* is not applicable here, as the exhaustion issue identified here – whether Grady submitted his July 11 grievance and August 14 Request for Interview form to the grievance office – is not intertwined with the merits of Grady's claims against the defendants.